IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| PACIFIC PILE & MARINE, LP, | NO. |
| Plaintiff, | COMPLAINT FOR SUMS OWING AND BREACH OF CONTRACT |
| v. | |
| HARVEST ALASKA, LLC, | |
| Defendant. | |

Plaintiff Pacific Pile & Marine, LP ("PPM") hereby alleges as follows:

## I. NATURE OF THE ACTION

1.1 Plaintiff PPM, a Delaware limited partnership, files this action for breach of contract against Defendant Harvest Alaska, LLC ("Harvest"), a Delaware limited liability company.

1.2 Plaintiff reserves the right to add such further and additional Defendants who are identified in the discovery of this matter.

## II. JURISDICTION AND VENUE

2.1 This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 because this suit involves maritime jurisdiction. This Court similarly has the power to "declare the rights and other legal relations of any interested party seeking such

COMPLAINT FOR SUMS OWING AND
BREACH OF CONTRACT– 1
305082.1 / 100830.42

Ahlers Cressman & Sleight PLLC
PH: (206) 287-9900
Fax: (206) 934-1139
1325 4TH AVE SUITE 1850
SEATTLE, WA 98101-2571

Case 3:21-cv-00256-HRH   Document 1   Filed 11/19/21   Page 1 of 4

declaration." 28 U.S.C. § 2201. Venue is appropriate because the contract at issue specifies this Court under its Choice of Law provision.

### III. THE PROJECT

3.1 PPM entered into a Master Service Agreement with Harvest (the "Contract") to perform services. PPM then entered into a Work Order for the 2019 Christy Lee Removal Project ("Project"). Section 6 of the Contract provides that Harvest shall pay PPM for all work performed, including for the transportation of tools and equipment. Section 25 provides that Harvest may terminate a project, but if it does, it must still pay PPM pursuant to Section 6.

3.2 PPM sent its initial proposal to Harvest on March 29, 2019, which offered reduced mobilization costs if the Contract could be executed by June 10 so as to allow PPM to rely on a south-bound tow to reduce its mobilization costs.

3.3 PPM sent Harvest multiple revised proposals, which all included references to mobilization costs.

3.4 PPM began mobilizing in Anchorage and Kenai on July 9, 2019.

3.5 The PPM Prep Team was onsite and began assembling on July 11, 2019.

3.6 On July 16, 2019, Harvest cancelled the Project for the season and directed PPM to demobilize its tug. PPM submitted its final invoice on July 31, 2019, including the Tug Standby cost at $51,000, the Tug Utilization cost at $50,000, and the Tug Demobilization cost at $150,000.

3.7 Though PPM has met all obligations under the Contract, Harvest has failed and refused, despite repeated demand from PPM, to issue payment to PPM.

3.8 PPM has fully performed all obligations required under its Contract.

3.9 To date, Harvest has presented no proper dispute regarding PPM's performance and/or satisfaction of all obligations required under the Contract.

COMPLAINT FOR SUMS OWING AND
BREACH OF CONTRACT– 2

305082.1 / 100830.42



Nevertheless, Harvest refuses to issue payment and, therefore, is in breach of the Contract.

## IV. BREACH OF CONTRACT

4.1 PPM incorporates the allegations in paragraph 1.1 through 3.9 above as if fully set forth herein.

4.2 Contrary to and in breach of its express and implied warranties and obligations, which Harvest owes under the terms of its Contract with PPM, Harvest has failed and refuses to pay sums due and owing to PPM. Failure to pay constitutes a material breach of the Contract, which proximately caused damage to PPM.

4.3 Harvest owes PPM such damages as will be proven at trial, which for purposes of this Complaint are stated to be not less than $262,006.00 plus interest, attorneys' fees, filing fees, and costs.

## V. RESERVATION OF RIGHTS

8.1 PPM reserves the right to add additional parties to this lawsuit as well as make further claims and/or amend claims set forth herein as may be warranted by discovery.

## VI. PRAYER FOR RELIEF

WHEREFORE, PPM prays for judgment as follows:

A. For judgment against Defendant Harvest in the amount of $262,006.00 or more, the exact amount to be proven at trial, plus interest, attorney's fees, costs, and disbursements hereunder.

B. For an award of prejudgment interest, costs and attorneys' fees incurred in this action to the fullest extent allowed by the Contract, law, and equity;

C. For such other favorable relief as the court may deem just and equitable.

COMPLAINT FOR SUMS OWING AND
BREACH OF CONTRACT– 3

305082.1 / 100830.42



1     DATED: This 17th day of November, 2021.

2                          **AHLERS CRESSMAN & SLEIGHT PLLC**

3

4                   By: *s/ Lindsay Watkins*
                         Lindsay Taft Watkins, ABA #1610082

5                          Lindsay.watkins@acslawyers.com
                         1325 4th Ave Ste 1850

6                          Seattle, WA 98101
                         Tel: (206) 287-9900

7                          Fax: (206) 934-1139
                         *Attorney for Plaintiff Pacific Pile &*

8                          *Marine, LP*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR SUMS OWING AND
BREACH OF CONTRACT– 4
305082.1 / 100830.42

